## Staunton.

### ALBERT V. STAFFORD AND OTHERS.

September 19, 1918.

Absent, Burks, J.

1. WILLS—*Execution—Subscribing Witnesses—Probate.*—Where the
   proponents of a purported will, written by one other than the
   testatrix, failed to show that the testatrix either signed or
   acknowledged its execution in the presence of the subscribing
   witnesses, it is error to admit the paper to probate under
   Code of 1904, section 2514.

Error to an order of the Circuit Court of Giles county,
admitting a paper to probate as a will.

*Reversed.*

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*Williams & Farrier* and *W. J. Henson,* for the defendants
in error.

PRENTIS, J., delivered the opinion of the court.

The petitioner complains of an order admitting a paper
to probate as the will of Jennie A. Stafford. It appears
from a certificate of the evidence that John R. Stafford
wrote the paper as and for the will of Jennie A. Stafford,
who was eighty-four years old, and that he called in J. E.
Stafford and J. T. Durham to witness it. The paper was
folded up so as to conceal any writing which may have been

on it, and the subscribing witnesses were asked to sign their names to the paper thus folded. J. E. Stafford, one of the subscribing witnesses, objected to signing it because he did not know what he was signing, but John R. Stafford assured the subscribing witnesses that there was nothing in it that would hurt them, and because of their confidence in John R. Stafford, as they say, they signed their names to the paper while so folded. They did not see the name of Jennie A. Stafford on the paper if it was on there; they did not know whether her signature was on it or not, and did not know whether Jennie A. Stafford knew what they were signing; that she was there but said nothing and did nothing; that she did not ask them to witness her signature or to witness her will, and did not sign the paper in their presence nor acknowledge that she had signed it, or that it was her will; and there is an entire lack of testimony from which it can be inferred that she ever signed it, or that she knew that these witnesses were attesting her signature.

That the circuit court erred in admitting the paper to probate is manifest because the proponents have failed to show that Jennie A. Stafford either signed or acknowledged its execution in the presence of the subscribing witnesses. (Code 1904, sec. 2514.)

*Reversed.*